UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

VICTOR ALEJANDRO LOMELI-
GARCIA,

              Petitioner,

v.

KEVIN RAYCRAFT et al.,

              Respondents.

_____/

Case No. 1:26-cv-1481

Honorable Paul L. Maloney

**ORDER**

This is a habeas corpus action brought by counsel on behalf of an individual detained by the United States Immigration and Customs Enforcement. In an Opinion and Judgment entered on May 19, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. (Op. & J., ECF Nos. 6, 7.) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment. (Op. & J., ECF Nos. 6, 7.) On May 26, 2026, Respondents filed a status report, indicating that a bond hearing had been held, and that Petitioner had been denied bond. (Status Report, ECF No. 8; Bond Order, ECF No. 8-1.)

Thereafter, on June 4, 2026, Petitioner filed a motion to enforce judgment in this closed action. (ECF No. 9.) In the motion to enforce judgment, Petitioner states that he was denied bond at the bond hearing, and he argues that the Immigration Judge improperly concluded that Petitioner

was a flight risk. (*See generally id.*) In light of this, Petitioner asks this Court to order his immediate release from custody or to order a new bond hearing. (*Id.*, PageID.166.)

In the motion to enforce judgment, Petitioner seeks to challenge the nature of the bond hearing that was held in response to the Court's May 19, 2026, Opinion and Judgment. However, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's May 19, 2026, Opinion and Judgment and the holding of the § 1226 bond hearing in Immigration Court. Although Petitioner is free to challenge the § 1226 bond hearing, any challenge to the constitutionality of the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition and that were not addressed by the Court's May 19, 2026, Opinion and Judgment. Therefore, Petitioner's motion to enforce judgment (ECF No. 9) is **DENIED WITHOUT PREJUDICE**. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the bond hearing that was held in response to the Court's May 19, 2026, Opinion and Judgment, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

**IT IS SO ORDERED**.

Dated:   June 24, 2026                              /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge

2